1808.

THOMAS KETLAND, surviving partner of J. KETLAND, *Saturday,* *against* MEDFORD surviving partner of WILLIS.   *December* *31st.*

A FOREIGN attachment at the suit of the plaintiff was *Where the* laid upon the effects of the defendant in the hands of *bail has paid* *the debt* *John Lisle,* returnable to *March* 1801. In *April* following, *due by his* *Lisle,* who was the agent of *Medford* for receiving and paying *principal,* *and the latter* the debts of *Medford* and *Willis,* and had been previously di- *has paid no-* rected by *Medford* to stand suit, entered special bail, and *thing, the* *court will* dissolved the attachment. He afterwards consented to a refer- *not, at the* *instance of* ence; upon which 3,302 dolls. 23 cts. were awarded to the plain- *the princi-* tiff, and the award confirmed. By an article between *Ketland* *pal, and* *against the* and *Lisle,* a few days prior to the reference, the former agreed *wish of the* to accept from the latter 12s. 6d. in the pound, of the sum that *bail, order an* *exoneretur* should be awarded, as a full discharge of *Lisle* from his liabil- *upon the bail-* ity for the debt as bail; *Medford* being at that time in *England,* *piece before* *the principal* and his bail unable to surrender him. And a short time after *has been ta-* the award, *Lisle* paid the 12s. 6d.; and at his instance *Ketland* *ken.* assigned the judgment to *Preston* and *Smithfield.* Whether *Lisle* paid the money with the funds of *Medford,* did not ap- pear; he claimed to be a large creditor of *Medford;* and upon the latter coming to *America, Lisle* took out a bail-piece, with a view to take him. *Ketland* declared himself satisfied, and that he had no claim against *Medford.*

*Ingersoll,* for the defendant, moved to enter an exoneretur upon the bail-piece; and upon the above facts appearing in evi- dence, he contended, that, as *Lisle* had acted as the agent of *Medford* in paying the money, he had no right to surrender him, because he had taken the step for the accommodation and safety of his principal, and not to secure a power to himself. And in the next place, that the money being paid, and the bail discharged from all liability, he had no right to surrender him, because the right to surrender was a mere defensive right, and founded exclusively upon the responsibility of the bail. That in fact *Lisle* was no longer bail; the recognisance was extinct; the condition of it was, that if the defendant should be condemned in the action, he should satisfy the costs and con- demnation, or render himself to the custody of the sheriff, or

1808.

KETLAND

*v.*

MEDFORD.

the bail should pay the costs and condemnation for him. Here the bail had paid the costs and condemnation, and therefore the recognisance was at an end by performance.

*Levy* and *Tilghman* for the bail. It is well known that bail are the most favoured of all sureties; and, as it is said in 6 *Mod.* 231., they have their principal always upon a string, and may pull him in whenever they please. This is an application by the principal to pull the bail out of the bail-piece; it is of the first impression; and in this summary way, before the bail is taken, and where facts are disputed, should not be listened to. The only ground upon which it can be supported, is, that the principal has paid the debt himself, or the bail has paid it out of his funds. The first is not pretended; and the latter we deny. He paid it out of his own funds, as any third person might; and the plaintiff became a trustee of the judgment for his use. It was accordingly assigned at his instance to *Preston* and *Smithfield.* Bail may certainly buy the judgment; and if he does, there is no ground for depriving him of any of his remedies. [C. J. TILGHMAN. The question is not whether he may buy the judgment; but what has become of the recognisance.] If he had paid under the recognisance, as in *debt* or *scire facias* upon it, there might be some ground for the opposite argument; but here he has paid it, as a stranger might, without action, and with an intention, at the time, to use the judgment, by directing an assignment of it. Indeed it is questionable whether the court has any power to grant the motion against the consent of the bail, who is no party on the record; but surely as the application is to the equitable jurisdiction of the court, as it is said in *Martin* v. *O'Hara,* (a) and the bail has paid all, and the principal nothing, they will not interfere to prevent his getting the money back.

*Rawle* in *reply.* It is true that bail hold their principal upon a string; but here the bail has cut the string, and wishes to get hold of it again. He has terminated the recognisance by payment; not payment as a stranger, but payment as bail; for the article of agreement recites that he was unable to surrender his principal; and the compromise was in full discharge of his liability. We do not come then to the equitable jurisdiction

(a) *Cowp.* 824.

of the court; for the recognisance is gone. It is not as if it were in force, and the bail applied for a discharge; but it is as if an execution had issued upon a judgment that had been paid. *Lisle* however has no equity; he made the agreement without the privity of *Medford;* and after having discharged the recognisance, he wishes to set it up. If he can do it now, he may at any distance of time, and may constitute himself the gaoler of *Medford* whenever he pleases.

<div style="text-align:right">1808.

KETLAND<br>
*v.*<br>
MEDFORD.</div>

TILGHMAN C. J. delivered the judgment of the court.

This is a motion on the part of the defendant to have an exoneretur entered on the bail-piece; the bail not joining in the motion, but opposing it.

The court have no doubt of their authority to enter an exoneretur, if a clear case was made out. But the counsel of the defendant have shewn no precedent going the length they ask. Without entering into a detail of the facts, this case presents two striking features: one that the bail has paid a large sum on account of the defendant; the other that the defendant has not paid one farthing. Nor has he yet been taken by the bail. In this situation the court think it would be wrong to interfere in this summary manner. If hereafter the defendant should be taken by the bail, and it shall be made to appear that the bail-piece is used for oppressive and unjust purposes, it will be in the power of the court to grant relief.

The court are of opinion that the motion be rejected.

<div style="text-align:right">Motion denied.</div>